In the Matter of the Estate of SAMUEL STEUER, Deceased.

Surrogate's Court, New York County, January 19, 1955.

*Orrin G. Judd, Theodore Miller* and *Jacob Hershon* for Belle Steuer, petitioner.

*Gordon & Wexler* for Irving Gordon, as executor of Samuel Steuer, deceased, respondent.

*Carlton Z. Solomon* for Irwin Steuer, as executor of Samuel Steuer, deceased, respondent.

FRANKENTHALER, S. This is an application by the widow of the testator for a decree limiting the powers and authority of the executors in the interest of protecting the intestate share which she will elect to take under section 18 of the Decedent Estate Law. The will of the testator was admitted to probate during the pendency of this application. The most substantial

assets in the estate are shares of stock in corporations which operate a chain of cafeterias. The shares of three of the corporations were divided equally between the testator and a business associate, Samuel Koenigsberg. In the fourth corporation, the testator held a quarter interest, members of his family a like interest, and the Koenigsberg family owned the remaining half. Other closely held corporate interests were owned by the testator and his family.

The will, which was executed prior to the petitioner's marriage to the testator, divided the estate equally between the testator's son and daughter. The son will take an absolute interest. The daughter's share is to be held in trust, with principal payable to her in specific installments. The son and the testator's attorney are the executors. The son had been, and continues to be, employed by the cafeteria corporations. During the lifetime of the testator, the attorney represented the corporations. The widow claims that their personal relations with the corporations threaten danger to her estate interests, and she asks that their executorial powers be severely limited and that she be given an active role in the administration of the estate.

Section 18 of the Decedent Estate Law lists certain powers and grants of authority which, if unfettered, might pose a threat to a widow's right of election, but which are therein restricted by being made subject to court control to the extent necessary to protect the intestate share (subd. 1, par. [h]). The Surrogate's Court is empowered to "direct and enforce for the protection of the surviving spouse an equitable distribution, allocation or valuation of the assets, and to enforce the lawful liability of a fiduciary, and shall have power also to make such other direction consistent with the provisions and purposes of this section as the court may deem necessary for the protection of the surviving spouse."

The widow points only to a single provision of the will as endangering her interest, namely, the dispensation from filing a bond by the executors or trustees. The will contains two other provisions of the character referred to in paragraph (h) of subdivision 1 of section 18. These are: (1) power to invest in other than legal investments and (2) a somewhat ambiguous exoneration from liability for depreciation or loss sustained by any sale, exchange, investment or reinvestment (paragraph sixth). However, the widow does not complain specifically of either provision. The power to invest in nonlegals relates only to the trust administration and is of no concern to her. No

party seems to entertain any doubt that the court will " enforce the lawful liability of [the] fiduciary ", and hence paragraph sixth is not the subject of dispute.

The real gist of the widow's complaint is not such act or transaction as the executors may lawfully perform by virtue of specific terms of the will, but rather what appear to petitioner as unusual opportunities for fraud and embezzlement because of the nature of the testator's business interests and the personal interests of the other legatees. She does not charge that either the executors or the legatees plan to commit such criminal acts but merely that the opportunities are so many that they constitute a danger to her interests. In her brief she specifies the way in which her interest may be sacrificed. All of these charges suppose deliberately wrongful and dishonest conduct. There is no basis for supposing such disloyalty. If there were, the removal of the executors would be justified.

The relief requested by the widow would require limitations on the powers of the executors which would seriously hamper the administration of the estate. She contends that the protection of her share requires a decree that would: (1) with respect to any sale of the shares of stock, require either the written consent of the widow as to price, time and manner of disposition or a sixty-day notice of any proposal for sale of the shares; (2) direct the executors to permit the widow to participate with them in the management of the corporations, and, more specifically, to vote the shares of stock for the widow as one of the directors of the corporations; (3) compel the executors to give the widow full information respecting the corporations, giving her full access, through accountants, appraisers and attorneys, to the books, records and operations of the corporations; (4) require the executors to insist on accounting controls in the manner more specifically set forth by the widow; (5) prohibiting any sale of the stock except after application to the court under section 215 of the Surrogate's Court Act. In effect what the widow demands is that she be given an active role in the administration of the estate. Section 18 of the Decedent Estate Law does not give to the widow the right to elect to become an executor. She has the right to insist that the estate be faithfully administered, but baseless fears of maladministration is no ground for the removal of the named executors or the transfer of their powers to the widow.

With respect to the demand that the executors file a bond, or in the alternative deposit the stock pursuant to section 106 of the Surrogate's Court Act, the court is of the opinion that

protection of the interests of the widow does not require the imposition of such an expense upon the estate. There is no present basis for a suspicion that either of the executors will conspire with the daughter of the testator and the other stockholders to defraud the widow, or that either of the executors will in any way be disloyal to his trust. The son of the testator, one of the executors, has a substantial interest in the estate. In the event of any wrongful acts or transactions, that interest would be available to respond to a surcharge. The widow concedes that he also has substantial personal holdings. The other executor is a member of the Bar who was the personal attorney of the testator for many years, and had earned the testator's confidence in him.

The application of the petitioner is denied on the ground that it is not now either necessary or proper to make any of the directions requested by petitioner or to impose any limitations upon the powers of the executors.

Submit decree on notice accordingly.